652 F.2d 58
 108 L.R.R.M. (BNA) 2656, 91 Lab.Cas. P 12,876
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ramond Navarro et al., Plaintiffs-Appellants
v.
Harold D. Leu et al., Defendants-Appellees.
 No. 79-3415.
 United States Court of Appeals, Sixth Circuit.
 March 23, 1981.
 
 1
 Before MERRITT and KENNEDY, Circuit Judges, TAYLOR, District Judge.*
 
 PER CURIAM
 
 2
 Plaintiffs appeal from a judgment of the District Court granting summary judgment for defendants. Plaintiffs, 15 appointed union business agents, were fired by defendant Harold D. Leu upon his election as union president after a hotly contested series of elections which had to be rescheduled because of irregularities. The constitution of the union provided that business agents serve at the pleasure of the president. Following their discharges, plaintiffs instituted this action alleging those discharges violated their rights under sections 101(a)(2) and 609 of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. Secs. 411(a)(2), and 529.
 
 Section 101(a)(2) provides:
 
 3
 Freedom of speech and assembly--Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: Provided, that nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with the performance of its legal or contractual obligations.
 
 Section 609 provides:
 
 4
 It shall be unlawful for any labor organization, or any officer, agency, shop steward, or other representative of a labor organization, or any employee thereof to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of the chapter. The provisions of section 412 of this title shall be applicable in the enforcement of this section.
 
 
 5
 The courts have split on the issue of whether union employees (or offices) who are also union members have a cause of action under the LMRDA when they are discharged in retaliation for exercising rights guaranteed them as union members. A majority have held such discharges unlawful. Wood v. Dennis, 489 F.2d 849 (7th Cir.1973), cert. denied, 415 U.S. 960 (1974); DeCampli v. Greeley, 293 F.Supp. 746 (N.J.1968); Gabauer v. Woodcock, 520 F.2d 1084 (8th Cir.1975), cert. denied, 423 U.S. 1061 (1976); Bradford v. Textile Wkrs. of America, AFL-CIO, 563 F.2d 1138 (4th Cir.1977); Grand Lodge of International Ass'n of Machinists v. King, 335 F.2d 340 (9th Cir.), cert. denied, 379 U.S. 920 (1964); Retail Clerks Union, Local 643 v. Retail Clerks Int. Ass'n, 299 F.Supp. 1012 (D.D.C.1969). Other courts have held otherwise. Sheridan v. United Bro. of Carpenters, 306 F.2d 152 (3d Cir.1962); Wambles v. International Bro. of Teamsters, Chauffeurs, 488 F.2d 888 (5th Cir.1974); Newman v. Local 1101, Communications Wkrs., 570 F.2d 439 (2d Cir.1978). In dismissing plaintiff's cause of action, the District Court followed the minority view as set out in Wambles, supra. This Court agrees with the Fifth Circuit that a union president should be able to work with those who will cooperate with his program and carry out his directives, and that these business agents, who served at the pleasure of the union president, and actively supported the president's opponent could be removed from their employment as union business agents.
 
 
 6
 Accordingly, the judgment is affirmed for the reasons set forth in the well-written opinion of Judge Young filed on March 30, 1979.
 
 
 
 *
 Honorable Anna Diggs Taylor, District Judge, United States District Court, Eastern District of Michigan, sitting by designation